OPINION
This appeal is taken by Defendant-Appellant William E. Coffran from the judgment entered by the Court of Common Pleas of Marion County finding him to be a sexual predator pursuant to R.C. Chapter 2950.
On March 21, 1996, Detective Dennis Potts, after a lengthy interview of William E. Coffran regarding the sexual abuse of his minor child, filed a felony complaint against Coffran for rape. After interviews with Coffran's twin sons the sexual abuse was verified. Specifically, both sons in taped interviews admitted that Coffran had on at least one occasion penetrated the anus of one of the boys with his penis while the other son watched; asked both boys to touch his penis while he masturbated and ejaculated; constantly fondled one of the boys by touching his penis and anus.
On April 11, 1996 Coffran was indicted for rape. After several months of discovery, Coffran accepted a plea agreement and entered a guilty plea to one count of attempted rape. On October 18, 1996, Coffran was sentenced to six (6) to fifteen (15) years in prison. Several years later the Ohio Department of Rehabilitation and Corrections filed a screening notice requesting that Coffran be classified as a sexual predator. A hearing was conducted in the Marion County Court of Common Pleas on March 14, 2000. At the hearing the State presented three witnesses and entered eight (8) exhibits into evidence. On March 22, 2000, the trial court entered judgment finding Coffran to be a sexual predator. The judgment is in part:
 "Ohio Revised Code § 2950.01(E) defines a sexual predator as a person who has been convicted of, or pled guilty to, committing a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. The Attempted Rape charge which the Defendant pled guilty to in this case is a sexually oriented offense as defined in § 2950.01(D). The criteria considered by this Court referenced above leads this Court to believe that the Defendant is likely to engage in one or more sexually oriented offenses in the future. There has been nothing presented to this Court to the contrary."
On appeal from that judgment Coffran presents the following sole assignment of error:
 The trial court's judgment finding Appellant to be a sexual predator is not supported by clear and convincing evidence.
Coffran's sole argument on appeal is that the evidence presented at the sexual predator hearing was insufficient to prove by clear and convincing evidence that Coffran is likely to engage in a sexually oriented offense in the future.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." To determine whether a defendant is indeed a sexual predator, R.C. 2950.09(C)(2) provides that the trial court "shall consider all relevant factors including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2). The statutory criteria include:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
Finally, pursuant to R.C. 2950.09(C)(2), the trial court's determination that a defendant is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990) 55 Ohio St.3d 71, 74,564 N.E.2d 54 citing Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118. In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof. Schiebel, 55 Ohio St.3d at 74,564 N.E.2d 54.
At the sexual predator hearing the State presented the testimony of three witnesses and introduced eight (8) exhibits into evidence. The court considering the factors listed above found Coffran to be a sexual predator. The trial court listed the following evidence in support of its determination that Coffran was a sexual predator:
 This court considers the following (B)(2) subsections as giving a positive indication of this Defendant's likelihood of re-offending:
The offender's age. This offender is only 52 years old;
 The offender's prior criminal record regarding all offenses including, but not limited to, all sexual offenses. This Defendant has some prior criminal history as demonstrated in the discovery material forwarded to the Defendant by the State.
 The age of the victim of the sexually oriented offense for which the sentence was imposed. At the time of this offense, the victim was only eight years old;
 (g) Any mental illness or mental disability of the offender. The exhibits presented by the State at the hearing in this matter demonstrate that the Defendant suffers some mental illness;
 (h) The nature of the offender's sexual conduct, sexual contact or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of the demonstrated pattern of abuse. Again, the exhibits in this matter presented by the State tend to indicate that the Defendant demonstrated a pattern of abuse;
 (i) Any additional behavioral characteristics that contribute to the offender's conduct. Once again, the exhibits presented by the State in the hearing on this matter tend to indicate that the Defendant's behavioral characteristics contributed to the offense involved in this case.
The record reveals that the trial court considered the following evidence: Coffran was only fifty-two (52) years old; Coffran had a prior criminal history including an attempt to injure two of his children with a knife; the age of the victim, Coffran's son, was eight (8); Psychiatric evaluations of Coffran demonstrate the Coffran is an alcoholic with characteristics of antisocial personality disorder; the exhibits presented at the hearing indicate that Coffran engaged in a pattern of abuse including the persistent rape of his other son who was taken from his custody several years earlier; finally, the State also presented exhibits which indicated the Coffran had raped his daughter and abused his wife and forced his children to engage in sexual intercourse with his girlfriends.
It should also be noted that Coffran did not present any evidence in opposition to that presented by the State. Further Coffran failed to present any evidence that he had entered any programs while incarcerated to try and better himself. Therefore, after examining the record and the relevant factors contained in R.C. 2950.09(B)(2), this court concludes that there was sufficient evidence for the trial court to determine, by clear and convincing evidence, that Coffran is a sexual predator.
No error having been shown, Coffran's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Marion County is affirmed.
 ________________________ BRYANT, J.,
 WALTERS and SHAW, JJ., concur.